**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANKUSH LNU,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2277-HE** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Ankush LNU, a noncitizen,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Joe Heaton referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 4. The Government responded, Doc. 10, and Petitioner replied. Doc. 11. So the matter is at issue.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. Factual background and Petitioner's claims.

Petitioner is a citizen of India who entered the United States without inspection on June 21, 2024. Doc. 1, at 3. The Department of Homeland Security (DHS) placed Petitioner into removal proceedings. *Id.* DHS served him with a notice to appear and released him on his own recognizance. *Id.* He filed an application for asylum and withholding of removal, which remains pending. *Id.*

On July 13, 2026, while appearing for a scheduled Immigration and Customs Enforcement (ICE) appointment, ICE arrested him and took him into custody. *Id.*; Doc. 10, Ex. 1.

Petitioner alleges: (1) a violation of the Due Process Clause of the Fifth Amendment; (2) that his re-detention violates the Administrative Procedure Act (APA) and the *Accardi* doctrine[3]; and (3) that his re-detention resulted from a warrantless arrest, in violation of 8 U.S.C. § 1357(a)(2). Doc. 1, at 19-22. He seeks: (1) a show cause order directing Respondents to establish why this petition should not be granted; (2) an order precluding his transfer out of

[3] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

the district while this action is pending[4]; (3) his immediate release; and (4) any other relief the Court deems just and proper. *Id.* at 22-23.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. Analysis.

### A. 8 U.S.C. § 1226(a) applies to Petitioner's detention.

8 U.S.C. § 1225 and § 1226 authorize detention in different domains. Section 1225 applies primarily to aliens "seeking admission" to the United States, while § 1226 "generally governs the process of arresting and detaining" noncitizens "pending a decision on whether the alien is to be removed from the

[4] The Court addressed this request for relief, in part, in its Order for Response. Doc. 7.

United States." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018). Section 1225 generally applies at the border and § 1226 in the interior. *See, e.g.*, *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Petitioner's current detention "is not part of the inspection process," and it did not "arise from an attempted entry at a port of entry." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). Rather, like the petitioner in *Zhakhonov*, Petitioner was released after entering the United States and was permitted to reside in the interior of the country for over two years. *Id.* "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Id.*

**B. Petitioner is entitled to a bond hearing, which he has received.**

Consistent with this Court's recent approach, the undersigned would typically recommend Petitioner be afforded a constitutionally sufficient, individualized bond hearing under § 1226(a). *See, e.g.*, *Kumar v. Mullin*, No.

CIV-26-689-SLP, 2026 WL 1960943, at *1 (W.D. Okla. July 7, 2026) (concluding because § 1226(a) governs petitioner's detention, "he is entitled to an individualized bond hearing"). "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.*

But Petitioner has received a bond hearing, where the Immigration Judge (IJ) concluded Petitioner was a flight risk. Doc. 10, Ex. 2; Doc. 1, at 2, 4, 14. This Court cannot review the discretionary determination of the IJ: When a noncitizen like Petitioner is detained under § 1226(a), "the Attorney General may exercise his discretion to either detain or release [a noncitizen] on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.* at 787.

"In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon*

*v. Barr*, 535 F. Supp. 3d 669, 676 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)). "To be sure, '[d]ue process is not satisfied . . . by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.,* 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon,* 535 F. Supp. 3d at 676 (quoting *Arellano v. Sessions,* No. 18-CV-6625, 2019 WL 3387210, at *7 (W.D.N.Y. July 26, 2019)).

Section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law." *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026). Petitioner does not allege that his bond hearing was constitutionally infirm or that he was denied the opportunity to present evidence at the bond hearing. Docs. 1, 11. Thus, "he has not shown that the decision was somehow legally erroneous or unconstitutional." *Kumar*, 2026 WL 753944, at *2; *cf. Perez v. Holt*, No. CIV-25-1151-SLP, 2026 WL 597126, at *6 n.11 (W.D. Okla. Mar. 3, 2026) (noting petitioner did not allege the bond hearing was unconstitutional, such as raising a claim about the "impropriety of burden allocation at the bond hearing"). As

a result, the Court lacks jurisdiction to reconsider the IJ's discretionary decision to deny bond.

### C. Petitioner's remaining claims fail.

As to Petitioner's APA claims, the undersigned recommends the Court reject them. Doc. 1, at 20-22. The APA does not supply an independent vehicle to challenge the fact or duration of immigration detention. And, under 5 U.S.C. § 704, claims under the APA are not available when there is another "adequate remedy in a court." *See* 5 U.S.C. § 704; *cf. Trump v. J.G.G.*, 604 U.S. 670, 672, 674 (2025) ("[H]abeas corpus, not the APA, is the proper vehicle here.") (Kavanaugh, J., concurring).

To the extent that Petitioner challenges his arrest because Respondents lacked a warrant, the Court should also deny the claim. Respondents have produced a warrant dated July 13, 2026. Doc. 10, at 12 & Ex. 1.

## IV. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1, because Respondents have not deprived him of an individualized custody determination and his remaining claims fail.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 13, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil

Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 30th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE